UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 2: 11-69-DCR |
| Plaintiff, | ) | and |
| | ) | Civil Action No. 2: 16-119-DCR |
| V. | ) | |
| | ) | |
| KEVIN MULLINS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Kevin Mullins' *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. [Record No. 421] Mullins pleaded guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. [Record No. 182] On July 27, 2012, the defendant was sentenced to a term of imprisonment of 188 months, followed by six years of supervised release. [Record Nos. 259; 266] Mullins did not appeal his conviction or sentence. On June 22, 2016, Mullins filed the present motion, arguing that he was improperly sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G."). [Record No. 421, p. 13] For the reasons discussed below, Mullins' motion will be denied.

**I.**

The facts supporting Mullins' guilty plea are outlined in paragraph three of his Plea Agreement. From 2003 through October 2011, the defendant conspired with at least ten others to distribute cocaine and marijuana in the Eastern District of Kentucky. [Record No. 260, ¶ 3(a)] Mullins was a street-level distributor. [*Id.*; ¶ 3(b)] On February 23, 2011, a confidential

- 1 -

source purchased 3.37 grams of cocaine from the defendant and co-defendant Tina Mullins. [*Id.*, ¶ 3(c)(3)]  The cocaine was supplied by Daniel Maley.  [*Id.*]  Most of the other controlled buys were made from Tina Mullins.  [*Id.*, ¶ 3(c)]  On July 28, 2011, co-conspirator Romaine Parm was arrested while delivering two pounds of marijuana to Daniel Maley for distribution. [*Id.*, ¶ 3(d)]  On October 24, 2011, search warrants were executed at the residences of co-conspirators James Holt, Daniel Maley, and Charles Slone; Someplace Else Bar; a recreational vehicle parked outside the bar; and AA Electric Motor Services.  [*Id.*, ¶ 3(e)]

Holt was interviewed, identifying Vincent Nunley as his source for the previous eight years.  [*Id.*, ¶ 3(f)]  On October 25, 2011, a controlled purchase resulted in Nunley's arrest. Agents found 30 ounces of cocaine Nunley dropped during the pursuit prior to his arrest.  A subsequent search of Nunley's home uncovered an additional kilogram of cocaine and approximately $26,000.00.  [*Id.*, ¶ 3(g)]  Mullins acknowledges that, from March 2008 through October 2011, he obtained approximately 400−500 grams of cocaine from members of the conspiracy, including Maley, for distribution.  [*Id.*, ¶ 3(h)]

The defendant's base offense level was calculated to be 24 based on the amount of cocaine involved in the offense.  [Presentence Investigation Report, "PSR," ¶ 44]  However, due to two prior convictions for a controlled substance offense and a crime of violence, Mullins' offense level was increased to 34.  *See* U.S.S.G. § 4B1.1.  [*Id.*, ¶ 50]  Mullins received a three-level decrease for acceptance of responsibility, resulting in a total offense level of 31. [*Id.*, ¶ 52]  With a criminal history category of VI, Mullins' non-binding guideline range was 188 to 235 months.  [*Id.*, ¶ 90]  He was sentenced at the bottom of that range.

## II.

A court may grant relief under 28 U.S.C. § 2255 if the defendant establishes that: (i) the sentencing court imposed his sentence in violation of the Constitution or laws of the United States; (ii) the court lacked jurisdiction to impose the sentence; (iii) the sentence imposed exceeded the maximum authorized by law; or (iv) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).

A one-year statute of limitation applies to § 2255 motions.  28 U.S.C. § 2255(f).  This period runs from the latest of: (i) the date on which judgment of the conviction becomes final; (ii) the date on which any illegal government-created impediment to the motion is removed; (iii) the date on which the right asserted was first recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (iv) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f)(1)−(4).

Here, Mullins asserts that his sentence is unconstitutional under the Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015).  [Record No. 421, p. 13]  Because he did not appeal his conviction or sentence, the conviction became final when the time period for filing a notice of appeal expired.  *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004).[1]  Because the Judgment was entered on July 30, 2012, the deadline for filing a notice of appeal was August 13, 2012.  *See* Fed. R. App. P. 4(b)(1)(A)(i). [Record No. 266]  As a result, the deadline for Mullins to file the present motion was August

---

[1]     Although the failure to directly appeal a sentence generally results in procedural default, the Court has considered Mullins' motion on the merits.  *See Bousley v. United States*, 523 U.S. 614, 621 (1998).

13, 2013.  *See* 28 U.S.C. § 2255(f)(1).  However, Mullins argues that his motion is timely because *Johnson* was decided on June 26, 2015, and it applies retroactively to cases on collateral review, as required by 28 U.S.C. § 2255(f)(3).  135 S. Ct. at 2551; *In re Watkins*, 810 F.3d 375, 384 (6th Cir. 2015).  [Record No. 421, p. 10]

Mullins' § 2255 motion will be denied because *Johnson* does not apply.  Mullins was sentenced under U.S.S.G. § 4B1.1(a), which increases the sentences of those convicted of a crime of violence or a controlled substance offense who have at least two prior convictions of such offenses.  A "crime of violence" is defined as an offense punishable by over one year of imprisonment that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).  The first subsection is termed the "use of force" clause, while the second subsection involves the "enumerated" clause (identifying several offenses), followed by the "residual clause."  *See United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014); *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009).  If a prior conviction falls within one of these categories, it constitutes a crime of violence.  *See Mitchell*, 743 F.3d at 1064.

*Johnson* addressed the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), holding that it violates due process because it is unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2557.  The United States Court of Appeals for the Sixth Circuit recently held that *Johnson* also invalidates sentences under the residual

clause in § 4B1.2(a)(2) of the Sentencing Guidelines.  *United States v. Pawlak*, __ F.3d __, 2016 WL 2802723, *8 (6th Cir. May 13, 2016).

However, Mullins was not sentenced under the residual clause in U.S.S.G. § 4B1.2(a)(2).  As outlined in the PSR, he had one prior felony conviction for a controlled substance offense in Kentucky and one prior felony conviction for third degree assault in Kentucky.  [PSR, ¶¶ 50, 63, 65]  Mullins did not object to the PSR during sentencing.  [Record No. 259]  It is clear that Mullins' prior conviction for trafficking in cocaine qualified as a controlled substance offense under U.S.S.G. § 4B1.2(b), rather than a crime of violence under § 4B1.2(a).  In addition, the defendant's prior conviction for third degree assault in Kentucky qualified under the "use of force" clause in U.S.S.G. § 4B1.2(a)(1).  *See United States v. Laporte*, No. 5:11-CR-25-TBR, 2016 WL 797596, *2 (W.D. Ky. Feb. 29, 2016) (prior conviction for Kentucky third degree assault qualified under use of force clause); *United States v. Guevara-Barcenas*, Criminal Action No. 5:12-36-KKC, 2014 WL 5685571, *7 (E.D. Ky. Nov. 4, 2014) (prior conviction for Kentucky third degree assault qualified under similar "use of force" clause in U.S.S.G. § 2L1.2 comment. (n.l(B)(iii))).  Because the prior assault conviction qualified as a crime of violence under the use of force clause rather than the residual clause, *Johnson* does not apply to Mullins' sentence.

Consequently, the period of limitation for Mullins to file his § 2255 motion did not run from the date on which *Johnson* was decided, but rather from the date on which his conviction became final.  *See* 28 U.S.C. § 2255(f)(1).  Therefore, his motion to vacate is untimely.  Mullins has not demonstrated (or even alleged) that he is entitled to equitable tolling.  *See Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003).  As a result, the Court will deny his § 2255 motion as untimely.

But even if the Court were to consider Mullins' motion on the merits, it would still deny the requested relief.  As explained in detail above, *Johnson* and *Pawlak* do not establish that Mullins was sentenced in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2255(a).

**III.**

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (internal quotation marks and citation omitted); 28 U.S.C. § 2253(c)(2).  When the denial of a § 2255 motion is based on the merits, the defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When the denial of a § 2255 motion is based on procedural grounds, a Certificate of Appealability will not issue unless "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [] jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Mullins has not demonstrated that reasonable jurists would disagree regarding whether he qualifies as a career offender under U.S.S.G. § 4B1.1(a) based on his two prior felony convictions for a controlled substance offense and a crime of violence, or whether *Johnson* and *Pawlak* apply to his sentence.  Further, Mullins cannot show that reasonable jurists would debate whether he has validly stated a constitutional claim.  Thus, he is not entitled to a Certificate of Appealability on any of the issues raised in this proceeding.  *See* 28 U.S.C. § 2253(c)(2); *Slack*, 529 U.S. at 484.

Finally, Mullins did not specifically request an evidentiary hearing, and the record conclusively shows that he is not entitled to relief.  Further, the defendant presents a legal,

rather than a factual, dispute.  *See Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

Therefore, an evidentiary hearing is not warranted.  *See Arredondo v. United States*, 178 F.3d

778, 782 (6th Cir. 1999).

## IV.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.      Defendant Kevin Mullins' motion to vacate, set aside, or correct his sentence

under 28 U.S.C. § 2255 [Record No. 421] is **DENIED**, and this matter is **DISMISSED**, with

prejudice, and **STRICKEN** from the Court's docket.

2.      A Certificate of Appealability is **DENIED**.

3.      A Judgment in favor of the United States shall issue this date.

This 11th day of July, 2016.

Signed By:

*Danny C. Reeves*   DCR

**United States District Judge**